# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

**JOHN LEDET, JR.**                         **CIVIL ACTION NO. 6:08-cv-1119**

**VERSUS**                                  **JUDGE MELANÇON**

**MICHAEL J. ASTRUE, Commissioner**         **MAGISTRATE JUDGE HANNA**
**Social Security Administration**

### *RULING ON MOTION FOR ATTORNEY'S FEES*
### *(Rec. Doc. 25)*

Before the court is a petition for attorneys' fees filed by appellant John Ledet, Jr. pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Rec. Doc. 25).  In support of this fee request, Ledet's counsel, Paul Brian Spurlock, submitted a petition describing the services performed on behalf of his client and the time billed in connection with each task in increments of .25 hours.  Ledet asks for an award of attorney's fees at a rate of $171.16 per hour for 36 hours of work performed in 2008, 2009, and 2010, for a total of $6,161.76.  He does not seek the recovery of costs or expenses.

The defendant, Michael J. Astrue, the Commissioner of the Social Security Administration ("Commissioner"), raises two objections to the application:  (1) the requested hourly rate should be reduced from $171.16 to $150.00 per hour; and (2) the requested number of hours worked should be reduced by 7.75 hours, resulting in an attorney fees award to Mr. Ledet of no more than $4,337.50.  (Rec. doc. 27-1).  The Commissioner's objections have some merit.  For the reasons described below, the undersigned finds that an award of fees in the amount of $4,800.00 would be appropriate.

## *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party... fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[1]  The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate.[2]  In this case, the Commissioner's decision was reversed and remanded.  (Rec. Doc. 24).  Therefore, Mr. Ledet is a prevailing party.  This fact is not disputed by the Commissioner.  Because Mr. Ledet is a prevailing party and because the Commissioner does not oppose an award of fees – just the amount of the fees to be awarded – an award of fees is appropriate.

## *Reasonable Hourly Rate*

Upon due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, and consistent with the hourly rate ordinarily awarded in the Western District of Louisiana in connection with similar matters, the court will implement an hourly rate of $150 per hour for the legal services performed in 2008 forward for this petition.[3]

---

[1]     28 U.S.C. § 2412(d)(1)(A).

[2]     *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985).

[3]     See, *Brown v. Astrue*, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (settling upon an hourly rate of $150).

### *Reasonable Hours Expended*

Counsel for Mr. Ledet seeks compensation for 36 hours.  The Commissioner contends that 7.75 of the hours sought  should be eliminated.  First, the Commissioner argues that four hours sought for time spent addressing whether or not to file suit was excessive, and he recommends reducing the four hours to one hour.  The undersigned agrees that four hours for work performed before the preparation and filing of the petition appears to be unreasonable, but disagrees that only one hour should be allowed for this task.  The undersigned finds that it would be reasonable and appropriate for Mr. Ledet to recover for two hours spent making the critical decision of whether to file suit.

Second, the Commissioner argues that one hour in compensation sought  for time spent in correcting errors made when filing insufficient documents and failing to properly effect timely service of process should not be allowed.  The undersigned agrees, and finds that it would be unreasonable to permit an attorney to recover for time spent in correcting his own errors.  The undersigned further finds that one hour will be deducted from the amount of time requested.

Third, the Commissioner argues that Mr. Ledet's request for compensation for three hours spent "preparing the necessary papers to obtain EAJA fees" is excessive, and that only one hour of time should be allowed with regard to this task.  The undersigned agrees that three hours is likely unreasonable, but disagrees that Mr. Ledet should be awarded only one hour with regard to this task. The undersigned finds that it would be reasonable and appropriate to award two hours of attorney time in this regard.

Fourth, the Commissioner argues that 1.75 hours should be deducted from the hours requested because the tasks described are clerical in nature.  The undersigned agrees that an attorney's time should not include time spent on purely clerical matters.  The undersigned finds, however, that the time entries the Commissioner would strike as clerical in nature are for reviewing documents issued by the court and for calendaring important events related to the litigation.  The undersigned finds that these tasks fall legitimately within the scope of an attorney's duties. Therefore, no reduction will be made for these time entries.

In summary, the undersigned finds that four of the hours listed by Mr. Ledet are not reasonable, and that it would be appropriate to reduce Mr. Spurlock's time from 36 to 32 hours. Consistently, the undersigned finds that it is reasonable under the circumstances to award Mr. Ledet $150 per hour for 32 hours of time spent by his counsel with regard to Mr. Ledet's successful appeal.

For the foregoing reasons,

**IT IS ORDERED** that the petition for attorneys' fees is **GRANTED** in the amount of $4,800.00, representing 32 hours at the rate of $150.00.

**IT IS FURTHER ORDERED** that the sum of $4,800.00 is awarded to Mr. Ledet as an EAJA fee.  The Commissioner of the Social Security Administration shall forward a check in the amount of $4,800.00 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, this 21st day of  May 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)